UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREW J. ALLEN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02061-JPH-DML |
| | ) | |
| WAYNE COUNTY SHERIFF'S DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Screening Complaint,
Modifying Defendants on Docket,
and Directing Issuance and Service of Process**

Plaintiff Andrew J. Allen, Sr., an Indiana Department of Correction inmate presently incarcerated at the Putnamville Correctional Facility, filed this civil rights action on August 6, 2020. Dkt. 1. Construed as a claim brought pursuant to 42 U.S.C. § 1983, Mr. Allen was granted leave to proceed without prepayment of the filing fee and assessed an initial partial filing fee. Dkt. 6. The initial partial filing fee has bee paid, dkt. 7, and the complaint is ready for screening.

**I. Screening Standard**

Because Mr. Allen is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. Mr. Allen's Complaint

Mr. Allen brings his lawsuit against the Wayne County Sheriff's Department for civil rights violations occurring on and after August 27, 2019. Dkt. 1. In his complaint he makes the following allegations. Mr. Allen alleges that deputies used excessive force in arresting him by allowing a police dog to inflict unnecessary injuries on him. Mr. Allen was taken to a hospital where the Sheriff refused to allow doctors to perform emergency surgery and instead took him to jail untreated.[1] At the jail, officer B. Iliff injured him further.

Over the next few days, sheriff's deputies ignored Mr. Allen's requests for medical treatment and also inflicted more excessive force and pain by tightening handcuffs, seatbelts, and restraints, and assaulting him with their knees. When Mr. Allen was taken to a hospital for treatment, upon his return deputies would not give him his pain or seizure medications.

Mr. Allen alleges he has suffered permanent injuries. He does not specify what damages he seeks.

## III. Analysis

"Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted); *see also Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section

---

[1] The Court understands the complaint to allege that this conduct was done by the Sheriff. If Mr. Allen meant to name a different defendant, he should inform the Court of that fact no later than **November 6, 2020**.

1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.") Mr. Allen's complaint, liberally construed because he is *pro se*, states a claim against Officer B. Iliff for inflicting injury and against the Sheriff for not allowing emergency room doctors to treat him. These claims **shall proceed**.

No policy, practice, custom, or habit claims are made against the Wayne County Sheriff's Department. Moreover, it is not a person who can be sued in a § 1983 action for damages. The complaint is **dismissed** against the Wayne County Sheriff's Department. While Mr. Allen describes several other violations of his constitutional rights, he has not identified any individual who caused or participated in these violations. If during the discovery phase of this litigation Mr. Allen is able to identify individuals who personally violated his rights, he may seek to amend his complaint to add additional defendants.

Finally, Mr. Allen does not specify whether at the time of the alleged violations he was a pretrial detainee or a convicted offender. If he was a pretrial detainee, his claims shall proceed under the Fourteenth Amendment. If he was a convicted offender, his claims shall proceed under the Eighth Amendment.

The Court discerns no other viable constitutional claims or suable defendants. If Mr. Allen believes the Court has overlooked such claims and/or defendants, he shall have through **November 6, 2020**, in which to file a motion to reconsider bringing such matters to the Court's attention.

3

### IV. Issuance and Service of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendants Sheriff of Wayne County and Officer B. Iliff in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to terminate the Wayne County Sheriff's Department as a defendant on the docket, and to add defendants (1) Sheriff of Wayne County and (2) Officer B. Iliff as defendants. When the defendant Sheriff of Wayne County files a responsive pleading to the complaint, he shall inform the Court of his full name so the docket can be further modified.

**SO ORDERED**.

Date: 10/22/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Andrew J. Allen, Sr.
154314
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Sheriff of Wayne County
200 E. Main St.
Richmond, IN  47374

Officer B. Iliff
Wayne County Sheriff's Department
200 E. Main St.
Richmond, IN  47374